**518**

Lawrence J. BEECHER et al., Plaintiffs,

v.

Charles R. ABLE et al., Defendants.

Harry H. LEVY, Plaintiff,

v.

DOUGLAS AIRCRAFT COMPANY, INC.,
et al., Defendants.

Lillian GOTTESMAN, Plaintiff,

v.

A. V. LESLIE et al., Defendants.

Lawrence KOBRE, Plaintiff,

v.

Wellwood E. BEALL et al., Defendants.

Mac HERBST et al., Plaintiffs,

v.

Charles R. ABLE et al., Defendants,

Nos. 66 Civ. 3471, 66 Civ. 3382, 66 Civ.
3775, 68 Civ. 4141 and 66 Civ. 3216.

United States District Court,
S. D. New York.

Aug. 9, 1976.

Pomerantz, Levy, Haudek & Block, New
York City, Lead Trial Counsel for plaintiffs.

Solomon Kaufman, New York City, for
intervenor plaintiff Schulman in Beecher v.
Able.

Linden & Deutsch, New York City, for
plaintiffs in Levy v. Douglas Aircraft Company, Inc.

Milberg & Weiss, New York City, for
plaintiff in Gottesman v. Leslie.

Weinstein & Levinson, New York City,
for plaintiff in Kobre v. Beall.

Herbert Kanon and David M. Paley, New
York City, for plaintiffs in Fuchs v. Douglas Aircraft Company, Inc.

Bobroff, Olonoff & Scharf, New York
City, for plaintiff in Schaffner v. Able.

Irving Steinman, New York City, for
plaintiff in Pental v. Beall and Terrile v.
Beall.

Israel Beckhardt, New York City, for
plaintiff in Aronson v. Bekins.

William Rosenfeld, New York City, for
plaintiffs in Baker v. Able and Simon v.
Able.

Carro, Spanbock, Londin, Rodman & Fass, New York City, for plaintiffs in Stricof v. Douglas Aircraft Co., Inc.

White & Case, New York City, for defendant Douglas Aircraft Company, Inc. (now McDonnell Douglas Corporation) and individual defendants.

Brown, Wood, Ivey, Mitchell & Petty, New York City, for defendant Merrill Lynch, Pierce, Fenner & Smith, Inc.

Davis, Polk & Wardwell, New York City, for defendant Ernst & Ernst.

## MEMORANDUM OPINION

MOTLEY, District Judge.

These causes of action originated as a series of cases filed, with one exception, over ten years ago. By order of this court dated January 30, 1976, thirteen related cases were subsumed into these five causes of action, which had been certified as class actions in 1969. *Herbst v. Able,* 47 F.R.D. 11 (S.D.N.Y.1969). Three separate classes were certified in that 1969 opinion:

Class 1—Persons who bought the stock of Douglas Aircraft Company, Inc. ("Douglas") between January 19, 1966 and September 29, 1966 (*Kobre* action).

Class 2—Persons who converted Douglas 4% debentures due February 1, 1977 into stock of Douglas as of May 3, 1966 (*Herbst* action).

Class 3—Persons who bought Douglas 4¾% debentures due July 1, 1991 between July 12, 1966 and September 29, 1966 (*Beecher, Levy* and *Gottesman* actions).

The complaints of Classes 1 and 2 are that purchases of Douglas stock (Class 1) and conversions of Douglas 4% debentures (Class 2) were fraudulently induced, principally by overstatements of Douglas' earnings and prospects and by an unwarranted increase in the dividend on the stock. The primary complaint of Class 3 is that purchases of Douglas 4¾% debentures were induced by a false prospectus dated July 12, 1966. The named defendants in these causes of action are Douglas; a number of persons who were directors and officers of Douglas during the periods involved; Merrill Lynch, Pierce, Fenner & Smith, Inc., the leading underwriters for the 4¾% debentures; and Ernst & Ernst, Douglas' auditors.

On February 11, 1976 the parties to these actions entered into a Stipulation of Settlement providing for the dismissal of all claims asserted against defendants in consideration of $5 million cash, plus interest thereon from April 30, 1976, to be paid by Douglas on final approval of the settlement by this court and final dismissal of the captioned actions. In addition, on February 23, 1976, the lead counsel for class plaintiffs in these cases submitted to the court a plan for allocation of the settlement fund, which provided that 51% would go to members of Class 1, 9% to members of Class 2, and 40% to members of Class 3.

By order of March 1, 1976, this court set a hearing on this proposed settlement and plan of allocation, and such hearing was held on April 29, 1976, after notice was duly given to all affected class members, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. Having considered the evidence adduced at such hearing as well as the various papers submitted relevant to this stipulation of settlement and plan of allocation, the court has concluded that such stipulation of settlement and plan of allocation are fair, reasonable and adequate, and hereby approves them.

In reaching this conclusion, the court notes that the various issues raised in these causes of action are complex and not amenable to a clearcut and easy resolution. Prior to the filing of the stipulation of settlement, there had already taken place two trials regarding the claims of Class 3, with the subsequent issuance of three opinions by this court finding that Douglas was liable under both § 11 of the Securities Act of 1933 and under § 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 pursuant thereto, and finding further that damages under the § 11 claim amounted to $2.2 million. Yet to be tried were the issues of damages to Class 3 members under the 10b–5 claims, as well as both the issues of

liability and damages under 10b–5 as to members of Classes 1 and 2.

 It is not the function of this court in the present context to pass judgment on the undecided issues in the instant case. Yet, the court does take cognizance of the complex questions which remain to be resolved and their existence is a factor which the court must assess in considering the fairness of a given settlement. In the instant case, the parties have already been engaged in lengthy and burdensome litigation and it appears that any ensuing litigation will likewise be complex and lengthy, with no particular result assured. This is precisely the sort of case in which settlement is appropriate provided that such settlement is a fair one. *See, e. g., State of West Virginia v. Chas. Pfizer & Co., Inc., et al.,* 314 F.Supp. 710 (S.D.N.Y.1970), *aff'd* 440 F.2d 1079 (1971).

 In finding the present settlement to be fair, reasonable and adequate, the court has taken cognizance of the various communications which it has received dissenting from the terms of such settlement. All timely letters of objection sent pursuant to the published notice of the settlement hearing were considered, but their contents not found sufficient to warrant rejection of the plan.[1] The most extensive objections to the settlement plan were those put forward by counsel to the *Levy* plaintiffs in regards to the proposed plan for allocation of the settlement fund. Their contentions were extensively briefed and put forward in oral argument at the hearing on April 29, 1976. Basically, they maintain that Class 3 members should be allocated a percentage of the settlement fund greater than 40% in that the 40% figure has been set to give them the amount which has been adjudged due them in the completed litigation regarding § 11 claims. They maintain that by limiting their claims to the amount set in the § 11 adjudication, the court would be ignoring the fact that interest has accumulated

on such amount since the time of the judgment, that there remain prospects of further recovery to this class on § 10(b) claims, and that there exist prospects of recovery of larger § 11 damages in the event that this court's decision was appealed in that respect.

What this argument ignores is the fact that the decisions rendered by this court in regard to Class 3's § 11 claims involved novel questions of law, and the outcome of any appeal taken from them is by no means certain. There exists an entirely realistic possibility that the Court of Appeals would reject or scale down the § 11 award. Given this uncertainty, combined with the uncertainties inherent in the § 10(b) claims of Class 3, the proposed plan for allocation of the settlement fund seems to this court to be entirely appropriate in its allocation to the members of Class 3.

Accordingly, given all of the above considerations, the court concludes that the stipulation of settlement and the proposed plan for allocation of the settlement fund are fair, reasonable and adequate, and hereby approves them. The lead counsel for plaintiffs is to submit an order to that effect for this court's signature.

---

[1]. The court received and considered timely objections from the following individuals: Paul L. Tucker, Rosemary J. O'Brien, Irwin W. Rubin and Dolores Rubin, Richard B. Rosenthal, Irwin S. Rubin, Marian A. Chenasky, James Hopkins Smith, Jr., Albert H. Haber, and John T. Cusack. Untimely letters were received from George Mueller and Mrs. Lois Greeman.